**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**NICK MIDDLETON,
also known as Nicky James Bamburg**                        **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 2:15-cv-130-KS-MTP**

**BILLY MCGEE LAW ENFORCEMENT
COMPLEX/FORREST COUNTY JAIL, ET AL.**           **DEFENDANTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff, an inmate of the Forrest County Jail, Hattiesburg, Mississippi, filed this pro se complaint pursuant to 42 U.S.C. § 1983, and requested *in forma pauperis* status. At that time, the Court entered an Order [3] advising Plaintiff of certain provisions of the Prison Litigation Reform Act. The Order directed Plaintiff to file an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. On the same date, the Court entered an Order [4] directing Plaintiff to file a completed *in forma pauperis* application or pay the required filing fee within thirty days. Both Orders warned Plaintiff that failure to timely comply or failure to keep the Court informed of his current address may lead to the dismissal of his complaint.[1] In response, Plaintiff filed his Acknowledgment of Receipt [8] and amended *in forma pauperis* application [9].

On November 24, 2015, Plaintiff was granted permission to proceed *in forma pauperis* and

---

[1]The Notice of Assignment [Ex. 1-2] issued by the Court on September 28, 2015, advised Plaintiff that he was required to notify the Court in writing if his address changed and it also warned Plaintiff that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

he was directed to file a response to provide specific information. *See* Orders [11], [12]. Plaintiff was directed to file his response by December 14, 2015. Order [12] at 1. On December 7, 2015, the envelope [14] containing the Order [12] for more information was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."[2] Plaintiff failed to comply with this Order or otherwise contact the Court.

On December 16, 2015, the Court entered a Show Cause Order [15] directing Plaintiff to show cause, on or before January 6, 2016, why this case should not be dismissed for his failure to comply with the Court's previous Order. The Show Cause Order [15] warned Plaintiff that failure to timely comply may result in the dismissal of this case. On December 29, 2015, the envelope [16] containing the Show Cause Order [15] was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward." Plaintiff failed to comply with the Show Cause Order or otherwise contact the Court.

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at

---

[2] The Order granting Plaintiff *in forma pauperis* status was also returned by the postal service with the notation "not deliverable as addressed - unable to forward." *See* Returned Mail [13].

629-30.

Plaintiff has failed to comply with two Court Orders [12],[15], and he has not contacted the Court about this case since November 2, 2015.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Docketing another show cause order would likewise be futile when Plaintiff has failed to provide a valid address.  Therefore, the Court concludes that dismissal of this action is proper for Plaintiff's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of Dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Order of Dismissal will be entered.

SO ORDERED, This the 20th day of January, 2016.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE